1. The trial court also ordered forfeiture of a Smith & Wesson pistol. However, neither ap-

instructions used in this case, the error, while real, is not fundamental.

STATE of Oklahoma ex rel., David MOSS, District Attorney, Appellee,

v.

THREE HUNDRED TWENTY–SEVEN DOLLARS ($327.00) and Smith & Wesson Pistol # 1D23230, Defendants,

Peter J. McMahon, Jr. and Kimberly Jones–McMahon, Appellants.

Nos. 75224, 75495.

Court of Appeals of Oklahoma, Division No. 1.

Jan. 12, 1993.

Peter J. McMahon, Jr., pro se.

David Moss, Dist. Atty., Fred J. Morgan, Asst. Dist. Atty., John W. Harker, Legal Intern on the Brief, Tulsa, for appellee.

## MEMORANDUM OPINION

ADAMS, Presiding Judge:

Peter J. McMahon, Jr. and Kimberly Jones–McMahon appeal a trial court order forfeiting three hundred twenty-seven dollars ($327.00) to the State of Oklahoma.[1] In their separate Petitions in Error, and amendments thereto, Appellants raise numerous issues relating to the order. Kimberly Jones–McMahon has filed no brief in support of her allegations of error, and her appeal is deemed abandoned and dismissed. *Cornelius v. Jackson*, 201 Okl. 667, 209 P.2d 166 (Okla.1948), *appeal dismissed,*

pellant raises any issue as to this portion of the order.

335 U.S. 906, 69 S.Ct. 412, 93 L.Ed. 440 (1949). Because one of Peter J. McMahon's briefed allegations of error is dispositive, we reverse the trial court's order as to his claim to the money on that ground and do not address the remainder.

When the case was regularly called for hearing and McMahon did not appear, the trial court found him in default and entered the order of forfeiture. McMahon claims the trial court erred in ordering forfeiture without requiring the State to prove the basis for the forfeiture. The State does not claim the trial court heard evidence, but argues no hearing was required because McMahon abandoned his claim to the money by failing to appear.

The State's argument overlooks the specific requirement of 63 O.S.1991 § 2–506(E) that "the court shall hear evidence upon the fact of the unlawful use and shall order the property forfeited to the state, if such fact is proved" even when no person makes a claim to the property. In addition, 63 O.S.1991 § 2–506(G) places the burden of proving the requirements for forfeiture on the State.[2] Because the trial court did not require the State to prove the factual basis for the forfeiture, its order must be reversed insofar as it affects McMahon. The case is remanded for further proceedings in compliance with Oklahoma law.

DISMISSED IN PART, REVERSED IN PART AND REMANDED WITH INSTRUCTIONS.

GARRETT and JONES, JJ., concur.

---

**2.** As to "moneys, coin and currency found in close proximity to forfeitable substances, to forfeitable drug manufacturing or distribution paraphernalia or to forfeitable records of the importation, manufacture or distribution of substances," the State is entitled to a rebuttable presumption of forfeiture which arises after the State has proved the underlying basis, i.e., that the money was found in close proximity to other forfeitable items. 63 O.S.1991 § 2–503(A)(7).